FILED
SUPERIOR COURT
OF GUAM

2019 MAR -8 AM II: 13

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| DAVID WAATHDAD, ET. AL.,<br><br>Plaintiffs,<br><br>vs.<br><br>CYFRED, LTD.,<br><br>Defendant. | Superior Court Case No. <u>CV0735-18</u><br><br>**DECISION AND ORDER<br>re<br>DEFENDANT'S MOTION FOR<br>PARTIAL SUMMARY JUDGMENT** |

This case represents the latest in a long history of litigation concerning the Gill-Baza Subdivision. Plaintiffs each own two lots in the subdivision: first lots on which they reside and expect to install septic tanks and second lots which they need to comply with Guam's environmental laws. Plaintiffs and others have engaged in numerous lawsuits with Defendant Cyfred, Ltd. over the titles to the first lots. They also acquired the second lots under a settlement agreement with Cyfred, whereby Plaintiffs agreed to pay Cyfred over a period of ten years, and Cyfred secured payment through mortgages on the second lots. In 2017 and 2018, Plaintiffs withheld payment, believing that the settlement agreement obligated Cyfred to pay them the attorney's fees they expended on litigating the first lots' title issues.

When Cyfred began to foreclose on the second lots, Plaintiffs filed this action, asking that Cyfred be enjoined. Plaintiffs assert that their second lot debts can be set off against Cyfred's

ORIGINAL

attorney's fees liability. The Court granted preliminary injunctive relief preventing Cyfred from further foreclosing on the second lots.

In its Motion for Partial Summary Judgment, Cyfred asks the Court to determine that Plaintiffs' central cause of action asserting a setoff fails as a matter of law. The Court agrees. Under general rules governing setoffs, Plaintiffs may not assert a setoff when the attorney's fees that Cyfred, a solvent entity, may owe is unliquidated, contingent on other litigation, and involves non-mutual parties, while the debt Plaintiffs owe Cyfred is liquidated. The Court therefore must grant partial summary judgment in Cyfred's favor.

## I. UNDISPUTED FACTS

1)     In 2013, as a condition of settlement over prior litigation, each Plaintiff here executed a promissory note as part of their purchase of a second lot in the Gill-Baza Subdivision. Decl. Francis Gill ¶ 4 (Jan. 11, 2019). Also as part of the settlement agreement, a prevailing party suing for breach of the agreement may recover his attorney's fees. Certain Pls.' Appl. Temporary Restraining Order, Ex. B, Ex. 1, ¶ 26, Ex. 2 (July 26, 2018).

2)     Plaintiffs collectively owed $11,700 per year, payable over ten years, to Cyfred for payment on their notes. V. Compl. ¶ 20 (July 26, 2018); Decl. Francis Gill, Ex. A.

3)     Each Plaintiff also obtained a mortgage in favor of Cyfred to secure their promissory note. Decl. Francis Gill ¶ 5.

4)     The mortgages allow Cyfred to foreclose by non-judicial foreclosure the Plaintiffs' second lots in the event of a default under their respective promissory notes. *Id.* ¶ 6.

5)     In March 2017, rather than pay the annual payment, Plaintiffs "decided to offset about $49,700 in attorney's fees Cyfred should owe to" Plaintiffs and others. V. Compl. ¶ 20.


ORIGINAL

6)    In response to the non-payment, Cyfred completed non-judicial foreclosures for some second lots, is in the process of foreclosing on other second lots, and intends to foreclose on the remaining second lots. Decl. Francis Gill ¶ 9.

7)    Plaintiffs filed this lawsuit and allege that Cyfred owes them attorney's fees incurred in other cases. For example, some but not all, Plaintiffs brought previous litigation against Cyfred and other parties in *United Pacific Islanders' Corp., et al. v. Gill, et al.*, CV0934-15 ("*UPIC I*"), and *United Pacific Islanders' Corp., et al. v. Gill, et. al.*, CV0073-16 ("*UPIC II*"). *UPIC I* and *UPIC II* have both been dismissed and closed.

8)    Also, some but not all, Plaintiffs in this case sued Cyfred in a pending litigation: *Peter, et al. v. Gill, et al.*, CV0426-18. CV0426-18 concerns title issues over "first lots" in the subdivision. This Court expects to try CV0426-18 in July 2019.

9)    The Court takes judicial notice that Plaintiffs did not receive a judgment or ruling in their favor for attorney's fees in *UPIC I*, *UPIC II*, or in any other case.[1]

10)    Plaintiffs here request injunctive relief and claim that they may offset Cyfred's attorney's fees liability against the annual payments they withheld on the second lots. *See id.* generally.

## II. LAW AND DISCUSSION

### A. Standard on Summary Judgment

Guam Rule of Civil Procedure 56(c) provides that a court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the

---

[1] In *UPIC I*, the court determined that the plaintiffs in that case (some of whom are plaintiffs here) were not prevailing parties entitled to an attorney's fee award. *UPIC I* (Dec. & Order at 5, April 18, 2017).

ORIGINAL

moving party is entitled to a judgment as a matter of law." A genuine issue of fact exists when "there is 'sufficient evidence' which establishes a factual dispute requiring resolution by a fact-finder." *Iizuka Corp. v. Kawasho Int'l (Guam), Inc.*, 1997 Guam 10 ¶ 7 (citing *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987)). "A 'material' fact is one that is relevant to an element of a claim or defense and whose existence might affect the outcome of the suit. . . . Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment." *Iizuka Corp.*, 1997 Guam 10 ¶ 7.

## B. General Rules on Setoff[2]

Setoff is grounded in equity. Setoff allows entities that owe debts to each other to apply their mutual debts, "thereby avoiding the absurdity of making A pay B when B owes A." *Hack v. Stang*, 2015 WL 5139128, at *3 (S.D.N.Y.). It is essentially a "rule of convenience." *Hoffman v. Gleason*, 107 F.2d 101, 103 (6th Cir. 1940)

Outside of the bankruptcy context, the rules on setoff have varying definitions and applications. In creating its own setoff rule, the Washington Supreme Court first recognized what it called a "general rule:" "In the absence of insolvency or some other special ground for equitable relief . . . unliquidated legal damages cannot be set off either at law or in equity, in the absence of statute." *Warren, Little & Lund, Inc. v. Max J. Kuney Co.*, 796 P.2d 1263, 1264 (Wash. 1990) (citing *Sinclair Refining Co. v. Midland Oil Co.*, 55 F.2d 42, 47 (4th Cir. 1932)). The Sixth Circuit also recognizes a rule applicable to insolvent creditors: "In cases of

---

[2] In addition to the setoff arguments, the parties also discuss Plaintiffs' equitable estoppel arguments. Plaintiffs concede that they did not offensively assert equitable estoppel and also that the issue is moot. Opp'n at 13-14 (Feb. 8, 2019). Based on these representations, the Court declines to consider the equitable estoppel issue. Also, because the Court renders partial summary judgment in Cyfred's favor, it also declines to address Cyfred's prejudgment attachment arguments.

ORIGINAL

insolvency, the rule prevails that uncertainty of the amount owed by the respective parties will not prevent the application of set-off, and if necessary, the court will restrain the enforcement of a demand against which the set-off is to be applied until the cross demand can be liquidated." *Hoffman*, 107 F.2d at 103-04.

From this and other caselaw, the Court derives four guideposts for its analysis of whether Plaintiffs may, as a matter of law, claim a setoff against Cyfred: the solvency or insolvency of Cyfred; the liquidated or unliquidated status of their claim; the contingency of their claim; and the mutuality of the parties involved.

### 1.     The Solvent or Insolvent Status of Cyfred

As cited above, in Washington, the insolvent status of a party may create an exception to the general rule and allow setoff of unliquidated legal damages. Setoff against an insolvent judgment creditor benefits a party who otherwise has little chance of recovering on a debt.

Assuming the insolvency exception applies in Guam, the Court first looks to whether Cyfred qualifies as insolvent under Guam law. Under Guam's Uniform Commercial Code, a person is insolvent if he ceases to pay his debts in the ordinary course of business or cannot pay his debts as they become due, or is insolvent within the meaning of the federal bankruptcy law. 13 GCA § 1201(23). Black's Law Dictionary similarly defines "insolvent" as "having liabilities that exceed the value of assets; having stopped paying debts in the ordinary course of business or being unable to pay them as they fall due." *Black's Law Dictionary* (10th ed. 2014).

To demonstrate Cyfred's insolvency, Plaintiffs recount a formidable history of Cyfred's actions to evade judgments in prior cases concerning the Gill-Baza subdivision as well as its

ORIGINAL

attempt at bankruptcy.[3] Erratum (Feb. 19, 2019). However, Cyfred's actions predate the parties' settlement and the foreclosures and attempted foreclosures on the second lots. Plaintiffs fail to present an issue of fact that when they decided to withhold their annual payment to Cyfred and even at present, Cyfred has "ceased to pay [its] debts in the ordinary course of business or cannot pay [its] debts as they become due or is insolvent within the meaning of the federal bankruptcy law." 13 GCA § 1201(23). The parties also conflict on Cyfred's status in bankruptcy court, with Cyfred claiming that a 2012 bankruptcy petition was dismissed (Reply Br. at 6 (Feb. 11, 2019)) and Plaintiffs claiming that in a second bankruptcy petition, all of Cyfred's remaining assets were liquidated rendering it "truly insolvent" (Opp'n at 12). Plaintiffs assert that "Cyfred is essentially insolvent or can easily be made insolvent." Opp'n at 13.

However, on the central definition of whether Cyfred has ceased to pay its debts or cannot pay its debts, Plaintiffs offer no substantiated evidence. The established undisputed facts reveal that Cyfred holds the mortgages to the second lots it seeks to foreclose and has already foreclosed on some second lots. If Cyfred indeed has any debts, it appears it has an ability to resolve those debts with the properties it has recovered.

In summary, while Plaintiffs wish to utilize the insolvency exception to the general rule that disallows a setoff to an unliquidated damages claim, Plaintiffs have not raised issues of fact establishing Cyfred's insolvency. The exception therefore cannot apply in these circumstances.

## 2. Whether Cyfred's Debt to Plaintiffs is Liquidated

Setting aside the insolvent status of a party, courts also express concern about whether the claimed offset is liquidated. "As a general rule . . . unliquidated damages cannot be the

---

[3] Cyfred challenges Attorney Wayson Wong's ability to attest to Cyfred's history of evading judgments. Since Mr. Wong litigated those challenges, he has the requisite personal knowledge to present that history to the Court.

ORIGINAL

subject of set-off . . . ." *Winder v. Caldwell*, 55 U.S. 434, 443 (1852); *Correspondent Servs. Corp. v. J.V.W. Investment, Ltd.*, 524 F. Supp. 2d 412, 424-25 (S.D.N.Y. 2007). The rationale is not hard to deduce: a party should not have the power to unilaterally determine the proper debt owed to another, a scenario which an unliquidated claim invites.

A liquidated claim "can be precisely determined by operation of law or by the terms of the parties' agreement" or has been "determined in a judicial proceeding." *Black's Law Dictionary* (10th ed. 2014). The Ninth Circuit holds that a liquidated debt is readily determinable; however, if an extensive hearing is required to determine the amount of the debt, it is unliquidated. *In re Slack*, 187 F.3d 1070, 1074-75 (9th Cir. 1999).

Based on these definitions, Plaintiffs' claim for attorney's fees qualifies as unliquidated. While Plaintiffs aver that their legal fees have been tracked by their attorney since June 2013, whether all such fees can ever be awarded will be subject to dispute. Notably, Plaintiffs intend to include in any legal fee reimbursement request the work performed on *UPIC I* and *UPIC II*, both of which were dismissed. There will also be the question of whether the attorney's fees were incurred on behalf of just the plaintiffs here, the plaintiffs in CV0426-18, or any of Attorney Wong's other clients. In other words, volumes of litigation over the amount, the allocation among Wong's various clients, and virtually any line item of work Wong will claim will occur before the Court awards any fees.

Plaintiffs' setoff claims therefore fall under the category of highly contested, unliquidated claims. In following the "general rule," Plaintiffs unliquidated claims cannot be the subject of setoff.

ORIGINAL

### 3. The Contingent Status of Cyfred's Liability to Plaintiffs

The contingent nature of Plaintiffs' claims further complicates the validity of Plaintiffs' setoffs. A "contingent claim" has not yet accrued and depends on some future event that may never happen. *Black's Law Dictionary* (10th ed. 2014). In *Hack v. Stang*, 2015 WL 5139128, for example, the defendant attempted to defeat summary judgment by claiming that damages he would receive in a separate New Jersey action could contribute to paying his obligations in the New York action. The Court ruled that contingent and hypothetical claims cannot form the basis of a setoff. *Id.* *5.

In another New York case, the court stated: "[T]here can be no such thing as a right to 'set-off' a possible but unestablished liability unliquidated in amount, against a liquidated legal claim that is due and payable. This is as obviously impracticable in equity as in law. One of the essentials of equitable set-off is that the demand of the party claiming the right must be due at the time when the ground for equitable intervention arises." *Dunn v. Uvalde Asphalt Paving Co.*, 67 N.E. 439 (N.Y. App. 1903). In *Dunn*, a defendant could not offset a judgment for damages claimed in another action when the other action remained pending and damages had not yet been adjudicated. *Id.*

In this case, the validity of Plaintiffs' claimed offset remains contingent on the outcome of CV0426-18. In CV0426-18, the plaintiffs must await the results of a summary judgment motion, a jury trial scheduled for July 2019, and further litigation regarding Wong's entitlement to attorney's fees. A resolution in CV0426-18 is not within close range by any means. Following the standards applied in other courts regarding contingent debts, the Court determines that Plaintiffs' contingent debt cannot form the basis of a setoff claim brought in a complaint.


ORIGINAL

### 4. Mutuality of Debts

Finally, courts hold that setoff may only be applied where the parties' debts are mutual. *See, e.g., Hack*, 2015 WL 5139128 n.2. As explained above, there is not complete mutuality between the parties' claims. Primarily, this case involves persons affected by Cyfred's attempts to foreclose on the second lots; CV0426-18 involves persons whose first lots have title issues. These two groups of plaintiffs have some overlap--but not complete mutuality.

### 5. Washington Rule

Plaintiffs ask this Court to follow Washington's approach allowing a contingent, unliquidated claim to be pleaded in a counterclaim as a setoff unless the plaintiff can show prejudice or the court finds the counterclaim would make the proceedings unwieldy. *Warren*, 796 P.2d at 1266. In *Warren*, the defendant sought to assert a setoff on the plaintiff's liquidated claim. The defendant's claim was unliquidated. The Washington Supreme Court held that under its Rule of Civil Procedure 13, the unliquidated claim could be asserted as a setoff to the plaintiff's liquidated claim. The court relied on the objective of Rule 13—to provide complete relief to the parties, to conserve judicial resources and to avoid the proliferation of lawsuits. *Id.*

However, the primary distinction between *Warren* and this case is that here, Plaintiffs are not asserting a setoff as a counterclaim. *Warren* allows a permissive setoff counterclaim because it merges resources and claims, causes little or no prejudice, and settles the various controversies among the parties. The procedural posture of a counterclaim achieves this,[4] but there is no procedural parallel to Plaintiffs' case. Plaintiffs assert a setoff not as a counterclaim but as the

---

[4] The authorities cited in *Warren* also concern counterclaims. For example, *Niver v. Nash*, 35 P. 380 (Wash. 1893), discusses permitting a counterclaim that grows out of the same transaction as the complaint. *Shelton v. Conant*, 38 P. 1013 (Wash. 1894), also addresses setoffs in the context of counterclaims.

ORIGINAL

foundation for their case. A setoff here does not accomplish the same purposes behind *Warren's* reasoning. By declaring that a party may plead a contingent, unliquidated claim in a complaint does not amount to conservation of judicial resources, nor does it prevent further lawsuits. If anything, allowing the contingent, unliquidated claim to be used as a setoff defeats the long-standing policy reasons advanced by a majority of jurisdictions under the general rule. Again, setoff is a rule of convenience. A liquidated claim carries a degree of certainty that a court can easily determine and apply to an existing mutual debt; an unliquidated debt, on the other hand, requires litigation and in this case, extensive court involvement. A non-contingent claim means that the Court can proceed to offset without awaiting the outcome of a separate case; a contingent claim, on the other hand, halts the wheels of justice.

While allowing a contingent or unliquidated claim to be utilized in a counterclaim makes sense in that the parties are already engaged in litigation, it defeats the purposes of setoff when a party asserts the claim at the outset of a case. Plaintiffs' legal strategy does not invoke convenience, conservation of resources, or even the applicability of Rule 13. Washington's exception to the general rule therefore fails to apply.

### 6. California's Procedural Rule

Plaintiffs also suggest that this Court adopt the approach in California Code of Civil Procedure § 918.5, which allows a judge to stay enforcement of a judgment to protect possible setoff. Section 918.5 falls under the provisions governing what occurs when a party files a civil appeal. In that circumstance, a judge may utilize her discretion to stay enforcement of a judgment if the debtor has another action pending on a disputed claim against the judgment creditor. Cal. Code Civ. Proc. § 918.5. A judge may consider the financial ability of the

ORIGINAL

judgment creditor to satisfy the judgment if a judgment is rendered against the judgment creditor in the action on the disputed claim. Cal. Code Civ. Proc. § 918.5(b)(3). Section 918.5 codifies an equitable principle that to not stay enforcement may unfairly deprive the debtor of not only the right of offset but also, in the case of an impecunious creditor, any right to recover at all. Cal. Code Civ. Proc. § 918.5 cmt.

This equitable principle has justification in a post-judgment context but it is "*not a claim for relief.* It occurs at the end of litigation and is a means by which a debtor may satisfy in whole or in part a judgment or claim held against the debtor out of a judgment or claim that the debtor has subsequently acquired against a judgment creditor." 16 Cal. Jur. 3d Countercl. and Setoff § 7 (emphasis added). This Court declines to follow a California procedural rule to allow a claim that California authorities determine does not suffice as a claim for relief.

## III. CONCLUSION

Plaintiffs come before this Court with a claim to offset a debt that is unliquidated, contingent, and non-mutual, and against a solvent entity. The Court determines that such a setoff claim may not form a valid cause of action. The Court therefore GRANTS partial summary judgment in Cyfred's favor.

At the hearing on the Motion for Partial Summary Judgment, the parties agreed that a grant of the Motion results in the dissolution of the current preliminary injunction. This renders MOOT Plaintiff's Ex Parte Application for Continuance of Non-Judicial Foreclosure Sales Injunction Without Additional Security.

The Court sets a Status Hearing on Tuesday, March 19, 2019, at 10:00 a.m.



SO ORDERED this 8th day of March 2019.

**HON. ELYZE M. IRIARTE**
**Judge, Superior Court of Guam**

SERVICE VIA COURT BOX

I acknowledge that a copy of the original hereto was placed in the court box of:

WONG

VAN DE VELD

Date: 3/8/19 Time: 11 3 am

Deputy Clerk, Superior Court of Guam

Appearing Attorneys:        Wayson W. S. Wong for Plaintiffs
Curtis C. Van de veld for Cyfred, Ltd.

ORIGINAL